*I. R. Greene, for appellant.*

*Pirtle & Caruth, for appellee.*

---

W. J. STEPHENS *v.* N. E. BOSWELL.

**Attachment—Sale of Personal Property to Avoid Debt—Possession by Vendor.**

Where a debtor sells personal property and still retains the possession it will be presumed that the sale is fraudulent as to attaching creditor.

APPEAL FROM KENTON CIRCUIT COURT.

January 18, 1872.

OPINION BY JUDGE PRYOR.

There was never any change of possession of the household furniture under the pretended sale by Williams to his brother-

in-law, Stephens. The property sold consisted of furniture in the home where Williams and his family had been living for months; had been purchased by Williams or his wife and used and owned by them until about the time that Williams left Covington for St. Louis. He then pretends to have sold it to appellant and delivered him the keys of the house. The wife of Williams did not accompany him to St. Louis, but remained in the home, expecting her husband's return from the latter place. The furniture was packed and boxed to be shipped to St. Louis when appellee's attachment was levied upon it. Upon the execution of the bond for the forthcoming of the property, etc., it was shipped to St. Louis, and there again placed in the home of Williams, and used by him, or his family, except a portion of it that Mrs. Williams says was sold and the proceeds paid over to appellant. We are driven to the conclusion from the facts proven that the object of this sale was to avoid the payment of the debts of Williams and that the court below properly sustained the attachment.

*Carlisle, for appellant.*

*Fists, for appellee.*